No. 81-383

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

GENERAL INSURANCE COMPANY
OF AMERICA,

Plaintiff and Respondent,

-vs-

TOWN PUMP, INC., and
BOZEMAN TOWN PUMP, INC.,

Defendant and Appellant.

---

Appeal from:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, The Honorable
Joseph B. Gary, Judge presidng.

Counsel of Record:

For Appellant:

Holland and Brown, Butte, Montana

For Respondent:

Page Wellcome, Bozeman, Montana

---

Submitted on Briefs:  November 6, 1981

Decided:  FEB 11 1982

Filed: FEB 11 1982

*Thomas J. Kearney*
—————————————————————
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This action concerns the question of venue in a declaratory judgment action filed in the District Court of the Eighteenth Judicial District, Gallatin County. Respondent, General Insurance Company of America, sued appellant, Town Pump, Inc., in Gallatin County seeking declaratory judgment with respect to rights and duties of the parties under an insurance policy. Town Pump filed a timely motion for change of venue to Silver Bow County, its county of residence. General Insurance Company resisted, arguing the place of performance of the insurance contract was Gallatin County. The District Court denied the change of venue, and Town Pump appeals.

In 1973 Town Pump, Inc., purchased a comprehensive liability policy from General Insurance Company of America. The policy was negotiated in Silver Bow County and accepted by the General at its headquarters in Seattle, Washington. Premiums were paid to General at its Seattle offices. The face sheet of the insurance policy designating the additional "named insured" includes the Bozeman Town Pump, Inc.

During the term of the policy, Town Pump was sued in Gallatin County by persons whose water was contaminated by gasoline seeping from the appellant's underground tanks. General defended Town Pump in these actions and ultimately paid a portion of the judgment against Town Pump. See, Ferguson v. Town Pump, Inc. (1978), 177 Mont. 122, 580 P.2d 915; Town Pump, Inc. v. Diteman (1981), ___ Mont. ___, 622 P.2d 212, 38 St.Rep. 54. General is now suing Town Pump in Gallatin County seeking a declaratory judgment that the insurance policy did not cover the risks sued upon and

-2-

praying for reimbursement of monies paid to satisfy the judgment against Town Pump.

The sole issue before us is whether the District Court erred in denying Town Pump's motion for a change of venue.

We hold that the place of performance of the contract controls venue in this case. Section 25-2-101, MCA, provides: "Actions upon contracts may be tried in the county in which the contract was to be performed, subject, however, to the power of the court to change the place of trial as provided in this code." The trial judge noted in his memorandum attached to the opinion:

> ". . . that the insurer covered business throughout the entire State and that in case of a loss being suffered the payment would be made for the losses in Gallatin County or Broadwater County if the loss was to the Town Pump in Townsend, etc. Therefore, it is my feeling that Section 25-2-101, MCA, is controlling and that the contract would be performed in Gallatin County when the insured in this case was Bozeman Town Pump . . ."

We find no error. Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-3-